IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CR387 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JAMES D. HARRIS, SR., | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has filed a motion for change of trial location (filing no. 19). The defendant asks the court to move the trial to North Platte "for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. The defendant's affidavit and brief state:

- The defendant, and his son, Brian W. Harris (who is charged in a related case at 8: 11CR388) reside in North Platte, Nebraska;
- The defendant was released on conditions pending trial and poses no security risk at trial;
- The events underlying the indictment occurred in North Platte;
- All potential trial witnesses are from the North Platte area; and
- North Platte is 280 miles from Omaha, the current trial location.

Filing No. 19.

The government does not dispute the defendant's factual statements. Instead, the government argues that a trial in North Platte will burden the court in terms of both money and manpower, no one currently knows who will actually testify at trial, and the defendant may encounter "unwanted notoriety" and loss of business if this case is tried in North Platte. Filing No. 26 at p. 3.

If this case is tried in Omaha, the defendant and the witnesses will be required to travel 280 miles to attend a trial that could have been held in their hometown, North Platte. A North Platte trial will require more expense and effort by the court, but those additional burdens will not, in this case, impact the court's ability to promptly administer justice, and are not otherwise identified as factors to be considered under Rule 18 of the Federal Rules of Criminal Procedure. Beyond pure speculation, there is nothing of record indicating publicity about this case in the North Platte area, if any, will impact either party's right to a fair trial.

Having considered the facts and arguments advanced by counsel, for the convenience of the defendant and the witnesses, the court finds that this case should be tried in North Platte. See [U.S. v. Stanko, 528 F.3d 581 (8th Cir. 2008)](). Accordingly,

IT IS ORDERED:

1) The defendant's motion to transfer to the North Platte trial docket, (filing no. [19]()), is granted.

2) Trial of this case is set to commence before the Honorable John M. Gerrard at 9:00 a.m. on May 7, 2012 or as soon thereafter as the case may be called, for a duration of three (3) trial days, in the North Platte Courtroom, Federal Bldg, US Post Office & Courthouse, 300 E 3rd St, North Platte, Nebraska. Jury selection will be held at commencement of trial.

February 24, 2012.　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　*s/ Cheryl R. Zwart*
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.